UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Janquila Edwards,<br>Plaintiff,<br><br>v.<br><br>Jacaranda Capital, LLC d/b/a Super Cuts,<br>Defendant. | CASE NO: 2:23-cv-05653-DCN-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination, retaliation and unequal pay was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the U.S. Equal Employment Opportunity Commission ("EEOC") on or about August 14, 2023.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff, Janquila Edwards, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Jacaranda Capital, LLC d/b/a Super Cuts, upon information and belief, is a foreign corporation organized in the State of North Carolina and operating in Charleston County, State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about December 15, 2021, the Plaintiff, an African American, began working for the Defendant as a Cosmetologist. At all times, the Plaintiff was efficient and effective in her job.

11. Beginning in or about March 2022, Plaintiff noticed Caucasian Cosmetologists of the Defendant company being treated better than her.

12. Plaintiff was told by her manager, April Williams, that every customer is to be served prior to her taking a break/lunch. Plaintiff began to miss breaks/lunch due to no other employees being scheduled with her, so she had to serve the clients instead of taking her breaks/lunch.

13. Plaintiff further noticed that her time sheets were being altered which made her paychecks short.

14. Plaintiff reported these matters to Ms. Williams and the owner, but nothing was ever done to correct them.

15. Later Plaintiff went to Ms. Williams and asked for a schedule adjustment for a personal reason. Plaintiff was told that she could not adjust her schedule, even though Plaintiff's Caucasian co-workers were allowed to miss days and/or even bring their children to work with them.

16. On or about September 14, 2022, Plaintiff was terminated for reporting the discrimination and reporting the issue with her timesheets and pay, as well as not being able to take break/lunch.

17. Defendant retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination, disparate treatment, and inappropriate behavior, thereby creating a hostile work environment. Plaintiff's termination was pretextual in nature and not the true reason for letting the Plaintiff go.

18. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, disparate treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Racial Discrimination - Title VII

19. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

20. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against and terminated based on her race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

21. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff based on her race;

   b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

   c. In demonstrating a pattern of discriminatory treatment towards African American employees by making disparaging remarks and terminating those who were in a protected class.

22. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the Equal Employment Opportunity Act.

23. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

24. The Plaintiff's race was a determining factor in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race, she would not have been terminated.

25. As a direct and proximate result of the Defendant's discrimination on the basis of race, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

26. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

27. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Retaliation – Title VII

28. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

29. As alleged above, Plaintiff complained to the Defendant on several occasions about racial discrimination.

30. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

38. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

39. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

40. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, she would not have been terminated.

41. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

42. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

43. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

44. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

45. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

46. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## FOR A THIRD CAUSE OF ACTION
### Violation of South Carolina Payment of Wages Act

47. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

48. The Defendant wrongfully withheld the Plaintiff's wages and the Defendant should be required to pay the Plaintiff for all wages owed to her, plus interest.

49. The Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact, also because the damages relate to wages owed to her, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney's fees and costs.

## FOR A FOURTH CAUSE OF ACTION
### Violation Of Fair Labor Standards Act

50. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

51. The Plaintiff was working for the Defendant and accrued earned wages. The Defendant has failed and continues to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

52. The Plaintiff is informed and believes that the Defendant was unjustly enriched in maintaining wages which rightfully belong to the Plaintiff pursuant to the FLSA.

53. As a direct and proximate result of the acts, omissions, and practices of the Defendant, the Plaintiff sustained a loss of income and wages.

54. The Plaintiff was also terminated in retaliation for complaining about not getting paid her wages, in violation of the anti-retaliation provisions in the Fair Labor Standards Act.

55. As a direct and proximate result of the acts and practices of the Defendant, the Plaintiff is informed and believes she is entitled to an award of damages, liquidated damages, treble damages, prejudgment interest, costs, legal fees, and any other damages to which she may be entitled as determined by the trier of fact.

## REQUEST FOR RELIEF

56. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

57. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

58. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/ *Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
November 6, 2023